**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON ANTONIO RODRIGUEZ<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-73750<br><br>Agency No. A029 129 077<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Marlon Antonio Rodriguez, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen

deportation proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rodriguez's motion to reopen as untimely, where he filed the motion over sixteen years after the IJ's final order of deportation, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish materially changed circumstances in Nicaragua in order to qualify for the regulatory exception, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-89 (9th Cir. 2010) (evidence of changed conditions must be qualitatively different than what could have been presented at prior hearing).

We also reject Rodriguez's contention that the BIA failed to consider the evidence before it because he has not overcome the presumption that the BIA reviewed all the relevant evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Finally, we lack jurisdiction to review the agency's decision not to exercise its sua sponte authority to reopen deportation proceedings. *See Meija-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-73750